**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 08-10129 |
| Plaintiff - Appellee, | D.C. No. 2:06-CR-0085-JCM-GWF |
| v. | |
| ROBERTO POPA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 7, 2009
San Francisco, California

Before: HUG, PAEZ, Circuit Judges, and RESTANI,[**] Judge.

Roberto Popa appeals his jury conviction and sentence for Conspiracy to

Effect Fraudulent Transactions with Unauthorized Access Devices & Access

Devices issued to Other Persons (18 U.S.C. § 1029(b)(2)); Traffic in and Use of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jane A. Restani, Chief Judge, U.S. Court of
International Trade, sitting by designation.

Unauthorized Access Devices (18 U.S.C. § 1029(a)(2) and (b)(1)); Fraudulent Transactions with Access Devices Issued to Other Persons (18 U.S.C. § 1029(a)(5) and (b)(1)); Aggravated Identity Theft (18 U.S.C. § 1028A(a)(1)); False Statement (18 U.S.C. § 1001); and Unlawfully Procurement of Citizenship (18 U.S.C. § 1425(a)).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Aggravated Identity Theft

Popa contends that his 24-month sentence enhancement on counts 11 and 13 must be vacated because the drivers' licenses and credit cards Popa used for his predicate crimes do not qualify as "the means of another" under 18 U.S.C. § 1028A(a)(1).  We review the district court's statutory interpretation de novo. *Ariz. Bd. for Charter Sch. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1006 (9th Cir. 2006).

Under 18 U.S.C. § 1028A(a)(1), "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."  Subsection (c) covers Popa's underlying offenses under 18 U.S.C. § 1029.  "[T]he term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to

2

identify a specific individual, including any . . . access device (as defined in section 1029(e)) . . . ." 18 U.S.C. § 1028(d)(7)(D).

Popa admits that the falsified drivers' licenses that he used included the actual names of specific, identifiable individuals, but alleges that because all the other information on the licenses was either fictitious or that of Popa himself, he did not use the "means of identification" of another person. Ninth Circuit law does not support this contention. "[S]o long as the information taken as a whole identifies a specific individual," the statutory definition of "means of identification of another person" is met. *United States v. Blixt*, 548 F.3d 882, 887-88 (9th Cir. 2008) (concluding that a forged signature constitutes a means of identification); *see also United States v. Melendrez*, 389 F.3d 829, 832-34 (9th Cir. 2004) (interpreting a sentencing guideline implementing the Identity Theft Act and holding that real Social Security numbers used alone *or* in conjunction with other information constitute a means of identification because they can be used to uniquely identify specific persons). Popa was found guilty of having used both falsified drivers' licenses and actual, stolen credit cards. Because both the names on the drivers' licenses and the credit cards used were real and uniquely identified the victims of Popa's identity theft crimes, the district court properly concluded that these documents were the means of identification of another person.

Popa further contends that for the sentence enhancement provisions to apply, he must have used other documents than the ones forming the basis of the predicate offenses. This argument also does not find support in the law. The use of either the drivers' licenses or the credit cards was in itself sufficient to support a conviction under section 1028A. *See Melendrez*, 389 F.3d at 834 (dismissing the notion that "a single means of identification is not sufficient.") The aggravated theft provisions were thus correctly applied here.

**II. Same Jury Used for Immigration Counts and for Underlying Crimes**

For the first time on appeal, Popa contends that it was plain error for the district court to try Popa's immigration counts in front of the same jury that had just heard the conspiracy, fraud, and aggravated identify theft counts.

A district court has broad discretion to determine whether to try different phases of a trial to different juries. *United States v. Matus-Leva*, 311 F.3d 1214, 1217 (9th Cir. 2002). When a defendant fails to raise an argument in the district court, we will not reverse the court's decision absent a showing of plain error. *United States v. Olano*, 507 U.S. 725, 731 (1993). At trial, Popa failed to request a severance of the immigration counts or, in the alternative, the bifurcation of evidence against him. He now argues that the jury likely had become prejudiced against him and thus convicted him on the immigration counts as well. However,

4

the immigration charges were, in large part, based on Popa's predicate crimes. Thus, even if a second jury had been empaneled, it would necessarily also have had to hear evidence about Popa's identify theft crimes. Under these circumstances, it was not plain error for the district court to empanel only one jury. *Matus-Leva*, 311 F.3d at 1217.

### III. Fact Finding by District Court

In order to preserve his rights in connection with possible future habeas corpus proceedings, Popa objects to the district court making factual findings during sentencing. We follow the binding precedent set forth by *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), which currently forecloses this argument.

### IV. Reasonableness of Sentence

The substantive reasonableness of a sentence is reviewed for an abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). Popa contends that because he only played a minor role in the conspiracy, his sentence is not reasonable. Based on the sentencing factors in 18 U.S.C. § 3553, the district court reduced Popa's offense level from 18 to 16 precisely because Popa only played a minor role in the conspiracy. The district court judge further ordered Popa's two 24-month sentences on counts 11 and 13 to run concurrently with each

5

other.  On this record, Popa's sentence is reasonable.  *United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008).  We will not disturb it.

## V. Revocation of Citizenship

Finally, Popa argues that the order revoking his United States citizenship should be reversed because there was insufficient evidence to support his conviction for immigration fraud.  When, as here, a defendant does not preserve a claim of sufficiency of the evidence by moving for acquittal at the close of the evidence, this court's review is deferential, requiring reversal only upon plain error or to prevent manifest injustice.  *United States v. Singh*, 532 F.3d 1053, 1056-57 (9th Cir. 2008).  In connection with a challenge to the sufficiency of the evidence, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Id.*

Under 18 U.S.C. § 1001(a)(1)-(2), a defendant commits fraud by knowingly and wilfully concealing or covering up any material fact or by making any materially false, fictitious or fraudulent statement.  Knowingly procuring citizenship contrary to law is a violation of 18 U.S.C. § 1425.  At trial, the jury heard extensive testimony that Popa was part of the identity theft conspiracy both before and at the time of his citizenship application process, but that he denied ever

6

having conducted any unlawful activities when so asked by an immigration officer. Testimony also showed that if Popa had acknowledged his wrongdoings, he would not have been granted citizenship. On this background, a rational jury could have concluded that Popa violated the above provisions. Because no plain error or manifest injustice has been shown here, *Singh*, 532 F.3d at 1057, we affirm.

**AFFIRMED.**